IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBRALYNN MURDOCK** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 14-5188 |
| v. | : | |
| | : | |
| **ESPERANZA, INC.** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                    APRIL 22, 2015

## MEMORANDUM OPINION

**INTRODUCTION**

      On September 9, 2014, Debralynn Murdock ("Plaintiff") filed a complaint against Esperanza, Inc., ("Defendant") averring a claim for violation of §525(b) of the United States Bankruptcy Code ("Code"),[1] which prohibits discrimination by a private employer against an individual solely on account of the person's status as a current or previous debtor under the Code and, a state law claim for fraudulent inducement. [ECF 1].

      On October 20, 2014, Defendant filed a *motion to dismiss* the complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and (b)(6). [ECF 4]. Before this Court are Defendant's motion to dismiss, Plaintiff's response in opposition, [ECF 5], and Defendant's reply. [ECF 6]. The issues presented have been fully briefed and are ripe for disposition.

      For the reasons set forth herein, Defendant's motion is granted, and Plaintiff's complaint is dismissed.

**LEGAL STANDARD OF REVIEW**

      When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal

---

[1] The Bankruptcy Code is found in Title 11 U.S.C. §101 *et seq*.

conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

In deciding a Rule 12(b)(6) motion, a court may only consider the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

A Rule 12(b)(1) motion to dismiss challenges the power of a federal court to hear a claim or a case. *Gould Elecs., Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000). When presented with a Rule 12(b)(1) motion, the plaintiff "will have the burden of proof that jurisdiction does in fact

exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006). "The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 244 (3d Cir. 2012) (quoting *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007)). A court must grant a motion to dismiss if it lacks subject matter jurisdiction to hear a claim. *Id.* at 243 (citing *Ballentine v. U.S.*, 486 F.3d 806, 810 (3d Cir. 2007)).

**BACKGROUND**

In considering Defendant's motion to dismiss under Rule 12(b)(6), this Court accepts, as true, the relevant factual allegations in the complaint, which are summarized as follows:

>Defendant is described in the complaint as a "non-profit, tax-exempt corporation organized under §501(c)(3) of the Internal Revenue Code . . . a corporation whose mission is to strengthen the Hispanic communities through a variety of social, educational, economic and advocacy programs." (Compl. ¶8).

>Plaintiff filed for Chapter 7 Bankruptcy on November 21, 2013, and was granted a discharge three months later. (*Id.* at ¶7). Plaintiff attached, to the complaint as Exhibit A, a copy of the Discharge of Debtor notice.

>On July 1, 2014, Plaintiff contacted Defendant through the professional networking website, LinkedIn.com, to express an interest in the full-time position of Cash Manager. (*Id.* at ¶¶10, 11). Greg Bockman ("Bockman"), Defendant's Vice President of Human Resources, responded by email to Plaintiff's inquiry and discussed her interest and salary requirement. Plaintiff stated her minimum salary requirement and Bockman indicated the company would be willing to pay her the indicated salary in the event she was selected for the position. (*Id.* at ¶12).

>As part of the selection process, Plaintiff submitted three professional references and attended two interviews with Defendant. (*Id.* at ¶13). Thereafter, Defendant extended to her an oral offer of employment, which was confirmed by letter the following day, for the Cash Manager position, and Plaintiff accepted. (*Id.* at ¶¶14-16). Attached to Plaintiff's complaint, as Exhibit B, is a copy of the letter from Defendant which Plaintiff contends constitutes the employment offer with a start date of August 4, 2014. The letter advises that the offer is "contingent

upon a satisfactory background clearance to include a credit history check. . . ."[2] Upon acceptance of the offer, Plaintiff resigned from her previous employment.[3] (*Id.* at ¶¶18, 19).

Plaintiff contends that after she was hired, Defendant learned of her prior bankruptcy proceedings, (*id.* at ¶¶7, 20), and on August 4, 2014, terminated her employment solely on account of the bankruptcy proceedings. (*Id.* at ¶¶21, 22).

**DISCUSSION**

In its motion to dismiss, Defendant argues that Count I of the complaint should be dismissed for failure to state a claim upon which relief can be granted and Count II for lack of subject matter jurisdiction. These arguments will be considered *ad seriatim*.

*Count I - 11 U.S.C. §525(b) – Prohibition against Discrimination*

At Count I of the complaint, Plaintiff essentially asserts that Defendant violated the law when it terminated her employment based solely on her previous status as a bankruptcy debtor. In its Rule 12(b)(6) motion to dismiss, Defendant argues that: (1) §525(b) of the Bankruptcy Code does not create a cause of action against a private employer (such as Defendant) who allegedly engages in discriminatory hiring; (2) Plaintiff was not an employee nor was she hired at the time the employment offer was withdrawn, since Defendant's offer of employment was contingent on the results of a background clearance check, that included, *inter alia,* a review of her credit history; and (3) this contingency was explicitly mentioned to Plaintiff during the interview process and in the formal written offer of employment.

Section 525 of the Bankruptcy Code prohibits discrimination against an individual solely because the person is or had been a debtor. Specifically, Section 525(b) provides:

---

[2] *See* Compl., Exh. "B." [ECF 2-1].
[3] The complaint alleges that "[a]s a result of the Defendant's decision to hire the Plaintiff, the Defendant resigned from employment with her previous employer." (Compl. ¶19). That the Defendant resigned from employment appears to be a typographical error.

4

> (b) No *private employer* may *terminate the employment of*, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt—
>
> > (1) is or has been a debtor under this title or a debtor or bankrupt under the Bankruptcy Act;
> >
> > (2) has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or
> >
> > (3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.

11 U.S.C. §525(b) (emphasis provided).

A majority of courts, including the Third Circuit Court of Appeals, have declined to interpret §525(b) broadly as prohibiting private employers from engaging in discriminatory hiring. *See Rea v. Federated Investors*, 627 F.3d 937, 938 (3d Cir. 2010) (collecting cases recognizing the majority position that §525(b) provides no protection to debtors and former debtors against hiring discrimination by private employers). As such, in this Circuit, a plaintiff cannot maintain a claim under §525(b) against a private employer for refusing to hire the plaintiff because of her status as a bankruptcy debtor.

Analogous to this case, the plaintiff in *Rea* received a bankruptcy discharge and later applied for a job with the defendant. After an interview, the defendant informed the plaintiff that it wanted to hire him and proposed a start date and salary. The plaintiff accepted the offer with the understanding that it was contingent upon background criminal and credit history checks. Upon learning of plaintiff's prior bankruptcy proceedings, the defendant withdrew its offer of employment. *See Rea v. Federated Investors*, 431 B.R. 18, 19 (W.D. Pa. Jan. 29, 2010). The plaintiff sued claiming that the defendant's refusal to hire him due to his bankruptcy constituted discrimination in violation of §525(b). The defendant moved to dismiss the action, arguing that §525(b), unlike §525(a) which applies to government employers, does not prohibit a private

employer from refusing to hire an individual because that individual has claimed bankruptcy. Agreeing with the defendant, the district court declined to impose the discriminatory hiring prohibition set forth in §525(a) onto §525(b), because, it reasoned, "Congress clearly opted to exclude it." *Id.* at 23. The Third Circuit affirmed, stating that while Congress established in §525(a) that the *government* may not "*deny employment to*, terminate the employment of, or discriminate with respect to employment against" any person that has been bankrupt, it omitted such language from §525(b) when prohibiting a *private employer* from "deny[ing] employment to" a person that has been bankrupt. *Rea*, 627 F.3d at 941 (emphasis provided). The Court continued and stated that in so doing, Congress did not intend for the phrase "discrimination with respect to employment" in §525(b) to be so broad as to encompass discrimination in the denial of employment. *Id.* Finally, the Third Circuit held that §525(b) does not create a cause of action against private employers who engage in discriminatory hiring. *Id.* at 938.

Here, Plaintiff applied for a position with Defendant, and a written offer of employment was made by Defendant, expressly contingent on a satisfactory background clearance check. After Defendant made the contingent offer, Defendant learned that Plaintiff had filed for bankruptcy and engaged in follow-up discussions with Plaintiff, which resulted in Defendant withdrawing its offer of employment. On August 1, 2014, Defendant orally advised Plaintiff that the offer of employment was withdrawn.

Based on the facts alleged in the complaint and on the holding in *Rea*, this Court finds that Plaintiff has no cause of action under §525(b) against Defendant, a private employer, based upon its refusal to hire her because of prior bankruptcy proceedings.

In her response to the motion to dismiss, Plaintiff argues that an oral offer of employment was made and accepted prior to the formal offer made by letter dated July 23, 2014, which

contained the contingency clause. This argument is misplaced, however, because it relies upon facts and written communication that were not included in Plaintiff's complaint and that directly contradict the allegation in Plaintiff's complaint that the Defendant made her a written offer. *See* Compl. ¶15. This Court is limited to facts alleged in the complaint. *Mayer*, 605 F.3d at 230; *Pension Benefit Guar. Corp.*, 998 F.2d at 1196. Even if this Court were to consider these communications, Plaintiff's claim would fail as a matter of law.

Notwithstanding, despite the proffered email and letter exchanges, which were not part of the complaint, on these facts, Plaintiff has not established that she was actually in an employment relationship with Defendant. That is, Plaintiff has not shown that she was performing services as a Cash Manager or that she was receiving a salary at the time Defendant withdrew its offer of employment. As defined, "employment" means "work for which one has been hired and is being paid by an employer." *Magruda v. Belle Vernon Area Sch. Dist.*, 2009 WL 440386, at *7 (W.D. Pa. Feb. 23, 2009) (quoting Black's Law Dictionary 545 (7th ed. 1999)); *see also Univ. of Pittsburgh v. United States*, 507 F.3d 165, 168 (3d Cir. 2007) ("[S]ervice" in the phrase "any service performed" means not only work actually performed, but also "the entire employer-employee relationship for which compensation is paid to the employee by the employer.") (quoting *Social Security Bd. v. Nierotko*, 327 U.S. 358, 365-66 (1946)).

All of the correspondence relied upon by Plaintiff confirmed that August 4, 2014, was the employment start date. The letter dated July 23, 2014, further advised that the "offer of employment . . . *is contingent* on a satisfactory background clearance to include a credit history check, and that she was to review and sign it "as an indication of your acceptance of our employment offer." These correspondences also reveal that on August 1, 2014, Defendant orally told Plaintiff that it was withdrawing its offer of employment. The August 4, 2014 letter

specifically indicates, "After a careful review of all the facts available, considering the nature of the credit report findings and because of the nature of the Cash manager position, we have made the decision to withdraw our offer of employment." Plaintiff had not yet begun working or performing services for Defendant, nor had she received a salary. By definition, she was not in an employment relationship with Defendant. As stated, her employment was contingent upon a satisfactory background clearance check, a requirement made known to Plaintiff in the July 23, 2014 letter offer of employment. Contrary to Plaintiff's contention that the oral agreement trumps any written offer, Plaintiff's trail of emails confirm that the offer had contingencies which she does not dispute; *to wit*: "As part of our new hire process, you will be asked to complete a Form I-9, . . . a satisfactory background clearance, . . . please sign and return one copy as indication of your acceptance of our employment offer . . . and return no later than July 30, 2014 otherwise we may need to withdraw our offer." Plaintiff signed the letter on July 23, 2014.[4]

Under the facts alleged, this Court finds that Plaintiff was never employed by Defendant and, further, finds that Plaintiff lacks a statutorily cognizable cause of action under §525(b) against Defendant, a private employer, for denying Plaintiff employment. *See Rea*, 627 F.3d at 939 (citing *Rea*, 431 B.R. at 23). Consequently, Count I of the complaint is dismissed.

*Count II - Fraudulent Inducement*

Having dismissed the federal claim over which this Court had original jurisdiction, what remains is Count II or Plaintiff's state law claim for fraudulent inducement. Defendant moves to dismiss this Count II under Rule 12 (b)(1). Plaintiff, however, argues that this Court should retain jurisdiction because Defendant has not substantively challenged the claim. Notwithstanding, pursuant to 28 U.S.C. §1367(c)(3), this Court declines to exercise supplemental

---

[4] *See* Compl., Exh. B. [ECF 2-1].

jurisdiction over Plaintiff's state law claim. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 181 (3d Cir. 1999); *Eberts v. Wert*, 1993 WL 304111, *5 (E.D. Pa. Aug. 9, 1993) (holding that "Courts should ordinarily decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed."). Therefore, in accordance with the cited case law, Plaintiff's state law claim for fraudulent inducement at Count II against Defendant is dismissed, without prejudice.

**CONCLUSION**

For the foregoing reasons stated herein, Defendant's motion to dismiss is granted, and Plaintiff's complaint is dismissed. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.